[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moved for post-judgment modification of custody and child support. The custody issues were resolved by an agreement between the parties which was approved and ordered by the court.
The marriage of the parties was dissolved on September 20, 1996. At that time, there were two minor children, Aaron, who was born on July 16, 1979, and Kelly, who was born on March 27, 1990. The judgment required that the defendant pay $1,000 per month ($230.76 per week) for the support of the two minor children until Aaron reached the age of eighteen or graduated from high school but not beyond his nineteenth birthday. It made no provision for the amount of child support after that date, but did provide that support would be modifiable under certain conditions.
At the time of the judgment, the defendant showed a gross income of $1,097.00 per week on his financial affidavit, and a net income of $834.00 weekly. The plaintiff showed a net income of $222.18. The defendant's counsel prepared a child support worksheet for this motion indicating that his gross income is $1,375.00 and his net income is $946.00. This figure is somewhat larger than the court's calculation of a net income to the defendant of $853.00 based upon his financial affidavit, but the difference is attributable to more accurate calculations for deductions made by his attorney on the worksheet. For the same reasons indicated above, the defendant's child support worksheet shows the plaintiff's net income to be $174.00. The plaintiff, CT Page 12872 who has not changed jobs, shows a gross weekly income on her financial affidavit and a net weekly income of $159.05, exclusive of child support. Applying the figures supplied by the defendant's child support worksheet, the parties' total obligation for child support is $234.00 per week, and the defendant's proportionate share of that figure is $198.00. That amount differs by only $3.00 per week from the worksheet prepared by the plaintiff. The court finds the defendant's figures to be more reliable, and orders that the child support obligation of the defendant is $198.00. That amount is subject to adjustment under the guidelines if the court finds any factors meriting a deviation.
The parties have a joint parenting arrangement, and the defendant shares a large portion of the parenting obligation, although less than half of them. The plaintiff also assumes all of the parenting obligations apart from visitation when Kelly is not in school because of vacations or holidays. The defendant urges a deviation from the guidelines of 20 percent based upon the shared parenting arrangement.
Deviations from the guidelines are permitted for a variety of reasons, including significant visitation expenses, shared custody arrangements, and other equitable factors. Regulations of Connecticut State Agencies, Section 46b-215a-3(b)(3), (6)(A) and (6)(F). The court does not find that any of the deviation criteria
Child support is therefore modified. The defendant shall pay the plaintiff the sum of $198.00 per week as child support for the minor child.
Orders may enter accordingly.
BY THE COURT
GRUENDEL, J.